IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 07-cv-00089-PSF-CBS

BEELER PROPERTIES LLC, a Colorado limited liability company;
LAMBERTSON HOMES LLC, a Colorado limited liability company;
MEMPHIS STREET LLC, a Colorado limited liability company; and
1225 PARTNERS, LLLP, a Colorado limited liability partnership,

    Plaintiffs,

v.

LOWE ENTERPRISES RESIDENTIAL INVESTORS LLC,
a Delaware limited liability company;
METROPOLITAN HOMES, INC., a Colorado corporation;
PAUL LUCATUORTO, in his individual capacity; and
JEANNIE G. REESER, in her capacity as Public Trustee for Adams County, Colorado,

    Defendants.

## ORDER ON PENDING MOTIONS

This matter is before the Court upon several pending motions filed in this case after it was removed from the Adams County (Colorado) District Court on January 15, 2007 when defendants filed their Notice of Removal (Dkt. # 1). On January 17, 2007, District Judge Kane returned the case for reassignment and on the same date it was reassigned to the undersigned judge.

**I.    PROCEDURAL BACKGROUND AND PENDING MOTIONS**

At the time of removal, there were two motions pending before the state court: 1) plaintiffs' motion to consolidate the case with three other cases between these parties then pending before the Adams County Court, filed in state court on December 27, 2006 ("Motion to Consolidate," Exhibit F to Notice of Removal); and 2) plaintiffs'

Unopposed Motion to file/serve Amended Complaint ("Motion to Amend," Exhibit G to Notice of Removal), filed in state court on January 11, 2007. These motions are now listed as Docket ## 3 and 4 on this Court's docketing system. The defendants filed an opposition to the motion to amend the complaint on January 31, 2007 (Dkt. # 13); thus the motion to amend appears to still be pending.

Simultaneous with the removal, defendants filed a motion to dismiss the complaint, asserting dismissal is required as to all defendants under Rules 12(b)(3) and 12(b)(6); as to the claims against Defendant Lucatuorto asserting a lack of personal jurisdiction over him; and in the alternative to transfer the entire case to the Central District of California where a preexisting lawsuit is pending (Dkt. # 6). On March 15, 2007, plaintiffs field their opposition to the motion to dismiss (Dkt. # 28) and on March 26, 2007 defendants filed their reply brief in support of the motion (Dkt. # 30).

On February 12, 2007, plaintiffs filed a motion to remand this case to state court (Dkt. # 19), and on February 13, 2007, plaintiffs filed an "amended" motion to remand the case to state court (Dkt. # 20). Defendants filed their response to the motion to remand on February 20, 2007 (Dkt. # 23). Plaintiffs filed their reply on March 9, 2007 (Dkt. # 26). On March 19, 2007, the defendants filed a motion seeking leave to file a one-page surreply in opposition to the motion to remand (Dkt. # 29). That motion was granted on April 2, 2007. The surreply was filed the same day (Dkt. # 34).

On March 12, 2007, plaintiffs file a motion for leave to file and serve a second amended complaint (Dkt. # 27) which, if granted, would apparently supplant the motion to amend filed while the case was still in state court. Defendants have not yet responded to this second motion for leave to amend. Nonetheless, the motions are

2

ripe for determination. The court finds that oral argument on the motions would not materially assist its determination.

## II. PLAINTIFFS' MOTION TO REMAND AND DEFENDANTS' RESPONSE

If plaintiffs' motion to remand were granted, it would necessarily obviate the need to rule on the other pending motions, so it is addressed first.

Plaintiffs assert that this case is subject to remand because the current operative complaint (Exhibit D to Notice of Removal) names as defendants two parties who are not of diverse citizenship from the plaintiffs and therefore a diversity basis for removal did not exist. Plaintiffs also argue that the Rooker-Feldman doctrine divests the federal court of diversity jurisdiction as the complaint challenges a completed foreclosure proceeding in Adams County District Court.

Defendants' Notice of Removal lists only diversity of citizenship as the jurisdictional basis for removal (Notice at 4, ¶ 15), but frankly acknowledges the lack of complete diversity of two of the named defendants (*id.* at 3). The notice argues that their joinder should not preclude the exercise of diversity jurisdiction because one of the two non-diverse parties, Defendant Metropolitan Homes, Inc. ("Metropolitan") was "fraudulently" joined for purposes of defeating diversity, and the other non-diverse party, Defendant Jeanne Reeser, the public trustee of Adams County, is a nominal party whose citizenship should not be considered in determining diversity (Dkt. # 1 at 3).

The Notice of Removal describes a set of circumstances that makes the joinder of these two parties appear somewhat manipulative. These two non-diverse defendants were only joined after plaintiffs' original state court complaint was removed

3

by defendants to federal court on December 15, 2006, after which it was voluntarily dismissed by plaintiffs on December 23, 2006 before defendants filed a responsive pleading, following which the instant complaint, naming the two non-diverse defendants, was filed on December 23, 2006 again in state court (Notice of Removal at 2).

Nonetheless, the plaintiffs' motion to remand asserts a basis for the claims against these two defendants in the pending operative complaint. Metropolitan, named in the Sixth and Seventh Claims for Relief, is alleged to be a civil co-conspirator of the other defendants (Seventh Claim) and a tortfeasor engaged in an effort to interfere with plaintiffs' prospective business advantage (Sixth Claim). Defendant Reeser is apparently named as a defendant in connection with the Eleventh and Twelfth Claims for Relief which seek to set aside a public trustee sale of the property which is the subject of the complaint. Plaintiffs assert the public trustee is a "necessary party" under Rule 19(a), because in her absence complete relief cannot be granted (Motion to Remand at 8) but cite no authority expressly addressing the role of a public trustee in determining diversity.

Defendants assert that Metropolitan is a "fraudulently" joined party asserting that plaintiffs can not recover as a matter of law on the claim alleging tortious interference with prospective business advantage because Metropolitan was a "competitor" of plaintiff and had a business privilege to engage in the conduct alleged in the complaint (Opposition to Motion to Remand (Dkt. # 23) at 6-9). The defendants assert the public trustee is a nominal party as her "purely ministerial role of conveying title" should not be considered for purposes of determining diversity of the parties, citing to *Dantus v.*

4

*First Federal Savings & Loan Assn. of Denver*, 502 F. Supp. 658, 659 (D. Colo. 1980), a case that describes the role of the public trustee in passing, but which statement is not instrumental to the decision nor is it addressing diversity of citizenship in any way. The defendants also cite to *Godley v. Valley View State Bank*, 2000 U.S. Dist. Lexis 11076 (D. Kan., July 6, 2000), a Kansas district court case which denied a motion to remand despite a lack of diversity between the plaintiff and a trustee found to be a "nominal party," but not a public trustee in connection with a foreclosure sale.

### III.   ANALYSIS

If either of these two defendants is properly joined in this case diversity is defeated and remand may well be necessary. The Court first considers defendants' argument that the joinder of Metropolitan as a defendant was "fraudulent."

Both plaintiffs and defendants cite to the decision in *Frontier Airlines, Inc. v. United Airlines, Inc.*, 758 F. Supp. 1399 (D. Colo. 1989) (Finesilver, J.), for the law applicable to determining whether a party has been "fraudulently" joined. Summarizing the law in the Tenth Circuit and elsewhere, that case states:

> Citizenship of a non-diverse defendant who is a proper party, even though not an indispensable party, must be considered when determining the existence of diversity jurisdiction. If the plaintiff fails to state a cause of action against [a] the resident defendant who defeats diversity, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent. In order to prove fraudulent joinder, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court; or that there has been outright fraud in plaintiff's representations as to jurisdictional facts. If there is even a possibility that the state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to state court. Where a defendant does not allege fraud in the pleading of jurisdictional facts, the sole issue

5

> before the court is whether plaintiff has stated a basis for recovery against resident defendants under state law.

758 F. Supp at 1403-04 (citations omitted).

Applying these principles to the instant case, this Court concludes that it can not find that the joinder of Defendant Metropolitan was fraudulent for the following reasons. First, the Court notes that although Metropolitan was not named as a defendant in the complaint plaintiffs originally filed in the state district court, some of the operative allegations regarding Metropolitan's alleged tortious conduct were included in the original complaint.  *See* Exhibit C to Notice of Removal, ¶ 21.  The original complaint essentially alleged that at a time when plaintiffs' projects were in financial distress, Metropolitan's representative embarked on a "highly conspicuous tour" of one of plaintiffs' projects for the "purpose and effect of demoralizing" plaintiffs' projects and those providing labor and materials to the projects.  *Id.*  Similar factual allegations are repeated in the current operative complaint, together with additional allegations that the Metropolitan representative approached one of plaintiffs' employees with an alleged offer of possible future employment for the purpose of "demoralizing" plaintiffs' projects and employees (Exhibit D to Notice of Removal, ¶ 23).  Thus the Court cannot find that there is a basis to hold that the current allegations against Metropolitan were contrived merely for the purposes of defeating diversity jurisdiction.

Second, the Court cannot say that "no possibility" exists that a state court would find plaintiffs have stated a cause of action against Metropolitan.  The allegations contained in plaintiffs' Sixth Claim for Relief set forth the basic elements of a claim for intentional interference with plaintiffs' prospective business advantage under Colorado

law.  The defendants' argument that the claim may ultimately be denied because Metropolitan is protected by the competitor's privilege recognized under Colorado law does not defeat the plaintiffs' claim at this stage of the case.  Under Colorado law, the competitor's privilege is not an element of plaintiffs' claim, but an affirmative defense that must be asserted and proven by the defendant.  *See* CJI 24:6, Notes on Use No. 5.  Even if Metropolitan is found to be a competitor, as set forth in *Occusafe Inc. v. EG&G Rocky Flats, Inc.*, 54 F.3d 618, 623 (10th Cir. 1995) certain factors set forth in the Restatement of Torts, § 768(1) must be considered in determining whether the competitor's privilege applies in any given case.  The Court finds that such determination cannot be made at this stage of the case.  This is particularly true since Metropolitan has yet to file an answer or responsive pleading in this case.

Accordingly, this Court cannot find that defendants made the showing required under *Frontier Airlines, supra*, that there is no possibility that plaintiffs would be able to establish a cause of action against the resident defendant, Metropolitan, in state court.  Thus, it does not find the joinder of Metropolitan to be "fraudulent."  The Motion to Remand is therefore GRANTED.

In light of this determination, the Court need not reach the other arguments advanced by the plaintiffs in favor of remand, nor need it decide the other pending motions.

## IV. CONCLUSION

Plaintiffs' Motion to Remand (Dkt. # 20) is GRANTED and the Clerk of the Court is directed to return this case to the state court.

DATED:  April 5, 2007                    BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge